UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WALTER MARROQUIN,<br><br>        Plaintiff,<br><br>    v.<br><br>ELIAS LOPEZ,<br><br>        Defendant. | 2:24-cv-1777-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff Thomas Walter Marroquin, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). For the reasons set forth below, the complaint fails to state a claim and should be dismissed without leave to amend.

**I.    In Forma Pauperis**

      Plaintiff requests to proceed in forma pauperis. Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will

be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In addition, pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000).

## III.    Allegations in the Complaint

Plaintiff and Elias Lopez, the sole named defendant, sold a house in Modesto and were supposed to split the money. (ECF No. 1 at 1, 3) Defendant found out plaintiff could not read or understand the document defendant had plaintiff sign which gave defendant access over "all of plaintiff's financial." (Id. at 3.) Defendant has fraudulently embezzled a large sum of money from plaintiff. (Id. at 3.)

## IV.    Discussion

The complaint fails to state a claim because plaintiff does not allege a violation of his federal constitutional or statutory rights or name a defendant who can be sued under the civil rights statute. To state a claim for a violation of federal constitutional or statutory rights under 42 U.S.C. § 1983, a plaintiff must allege (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

"[M]ost rights secured by the Constitution are protected only against infringement by governments." Lugar v. Edmonson Oil Co., 457 U.S. 922, 936 (1982). Private conduct usually does not violate the Constitution. Conduct by private individuals or entities is only actionable under 42 U.S.C. § 1983 if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself. See Brentwood

2

Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). Courts start with the presumption that private conduct does not constitute governmental action, and a plaintiff bears the burden of establishing state action. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011).

Defendant Lopez is a private citizen and not alleged to be a government actor. Plaintiff's allegations do not in any way suggest Lopez engaged in conduct by or for a state government. Plaintiff also does not allege any right secured by the Constitution or laws of the United States was violated. Accordingly, plaintiff does not state a claim under 42 U.S.C. § 1983.

### V. Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). If, however, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). In this instance, further amendment would be futile because plaintiff cannot state a civil rights claim based on alleged embezzlement by a private citizen. Plaintiff's complaint should be dismissed without leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### VI. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

There is no claim under the civil rights statute for embezzlement by a private citizen. Thus, it is being recommended that your case be dismissed without leave to amend. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations" and state the specific facts you could allege to state a claim.

////

///

**VII.   Order and Recommendation**

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. The Clerk of the Court is directed to assign a district judge to this case.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's complaint be dismissed without leave to amend for failure to state a claim.
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 18, 2025

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, marr1777.scrn.fr

4