UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WALTER MARROQUIN,<br><br>Plaintiff,<br><br>v.<br><br>ELIAS LOPEZ,<br><br>Defendant. | No. 2:24-cv-01777-DC-CKD (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION<br><br>(Doc. No. 8) |

Plaintiff Thomas Walter Marroquin is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 19, 2025, the assigned magistrate judge screened Plaintiff's complaint and found that Plaintiff had failed to state any cognizable claims. (Doc. No. 8 at 2–3.) Specifically, the magistrate judge found that Plaintiff "does not allege a violation of his federal constitutional or statutory rights or name a defendant who can be sued under the civil rights statute," and instead Plaintiff names only Defendant Lopez, a private citizen, for allegedly embezzling a large sum of money. (*Id.*) The magistrate judge therefore found that "further amendment would be futile because plaintiff cannot state a civil rights claim based on alleged embezzlement by a private citizen." (*Id.* at 3.) Thus, the magistrate judge recommends that this action be dismissed without leave to amend. (*Id.*)

1

Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.* at 4.) To date, no objections to the pending findings and recommendations have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on March 19, 2025 (Doc. No. 8) are ADOPTED in full;
2. This action is DISMISSED due to Plaintiff's failure to state a cognizable claim for relief; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 20, 2025**

Dena Coggins
United States District Judge

2